**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 3:22-CR-424** |
| **v.** | : | **(JUDGE MANNION)** |
| **ERNESTO R. RICHARDS,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is Petitioner-Defendant, Ernesto R. Richards' (hereinafter "Petitioner"), *pro se* motions to vacate, set aside, or correct a sentence pursuant to 18 U.S.C. §2255. (Docs. 57 and 58). On April 11, 2023, pursuant to a written plea agreement (Doc. 28), Petitioner pleaded guilty to Distribution and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) and Felon in Possession of Firearms, in violation of 18 U.S.C. §922(g)(1).[1] On August 26, 2023, a final Presentence Investigation Report ("PSR") was filed and found that Petitioner was a guidelines career offender by virtue of his prior felony drug trafficking convictions and recommended a final sentencing guideline range of 188 to 235 months. At the sentencing hearing, the United States of America (the "Government") requested a sentence within that range and Petitioner,

---

[1] Upon agreement of the parties the Petitioner withdrew his plea of guilty on the Felon in Possession of Firearms charge. (Doc. 40).

consistent with his agreement with the Government not to seek a sentence below the recommended range, requested a sentence of 188 months. The Court varied downwards and sentenced Petitioner to a period of imprisonment of 180 months. (Doc. 48). On September 27, 2024, Petitioner filed the instant motions arguing, *inter alia*, ineffective assistance of counsel and due process violations because, he alleges, his attorney did not object to a firearm enhancement in Petitioner's presentence report and his attorney failed to "seek certified records to support" Petitioner's qualification in the report as "a career offender" nor object to the designation. (*See generally* Docs. 57 and 58). As discussed more fully herein, the Court finds that Petitioner's grounds lack merit and will **DENY** all of Defendant's motions without the need for a hearing.

## I. BACKGROUND

On December 13, 2022, a federal grand jury sitting in Scranton, Pennsylvania returned an eight-count Indictment charging Petitioner with narcotics, firearms, and false statement offenses. (Doc. 1). On April 11, 2023, pursuant to a written plea agreement, Petitioner pleaded guilty to Count 2 of the Indictment, charging Distribution and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C), and Count 6 of the Indictment, charging Felon in Possession of Firearms, in

violation of 18 U.S.C. §922(g)(1). (Doc. 28, pp. 1-2). On that same day, the Government filed an Information of Prior Conviction pursuant to 21 U.S.C. §851(a), enhancing the statutory maximum penalties attached to Count 2. (Doc. 27).

The written plea agreement, pursuant to which Petitioner pleaded guilty, contained a provision whereby the Government agreed that after sentencing it would dismiss the remaining counts of the Indictment, including Count 5, which charged the offense of Possession of Firearms in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c). (Doc. 28, p. 2). The written plea agreement also included a provision pursuant to which Petitioner acknowledged that he was "satisfied with the legal services and advice provided" by his attorneys. (Doc. 28, pp. 38-39). This agreement was signed by Petitioner on April 11, 2023. (*Id.*, p. 40).

On July 31, 2023, the Court granted an unopposed motion by Petitioner to withdraw his plea of guilty as to Count 6 of the Indictment. (Doc. 40). The Government explains that it did not oppose the motion "in view of the legal uncertainty then surrounding the §922(g) offense, in the wake of the Third Circuit's *Range* [*v. Attorney General United States*, 69 F.4th 96 (3rd Cir. 2023) (judgment vacated by *Garland v. Range*, 144 S.Ct. 2706 (2024))] decision." (Doc. 63, p. 3).

On September 27, 2023, prior to his sentencing, Petitioner signed and submitted a 1-page Affirmation of Plea Agreement in which he "freely, after fully discussing it with [his] attorneys" affirmed and agreed "that all other aspects and provisions of the plea agreement (Doc. 28) remain in full force and effect." (Doc. 50).  These other aspects included the provisions noted above, along with the following specific joint sentencing guidelines recommendations of the parties: (1) that Petitioner "qualifies as a career offender, pursuant to U.S.S.G. §4B1.1, and that he will not seek a downward variance from the anticipated Sentencing Guidelines of 188 to 235 months" imprisonment; (2) that the quantity of narcotics associated with Petitioner's relevant conduct "was in excess of 500 grams of cocaine, but less than two kilograms of cocaine;" and (3) that Petitioner "possessed a firearm in connection with the offense, pursuant to U.S.S.G. §2D1.1(b)(1)." (Doc. 28, p. 10). These were the only provisional terms emboldened in the entire agreement.

On August 26, 2023, the final Presentence Investigation Report, PSR, was filed and concluded that Petitioner was a guidelines career offender by virtue of the prior felony drug trafficking convictions set forth in paragraphs 40 and 41 of the PSR, both of which involved cocaine. On September 27, 2023, at Petitioner's sentencing hearing, in addition to the Court asking

- 4 -

defense counsel whether the defense had any objections to the PSR, the Court specifically asked Petitioner, who had previously filed *pro se* objections to the PSR, (Doc. 37), whether Petitioner had any objections to the PSR. Petitioner agreed with his counsel that any previously filed *pro se* objections lacked merit. (Doc. 54, pp. 2-3).

At sentencing, Petitioner faced a final sentencing guideline range of 188 to 235 months. (Doc. 54, p. 4). The Government requested a sentence within that range. (*Id.*, p. 5). Consistent with his plea agreement to not seek a sentence below the above-indicated range, Petitioner requested a sentence of 188 months and did not ask for any downward variance. (*Id.*, p. 3). Despite both the Government and Petitioner making a request within the sentencing guideline, the Court nevertheless varied downward and ultimately sentenced Petitioner to a period of 180 months of imprisonment. (Doc. 48).

On September 27, 2024, Petitioner filed the instant motions pursuant to 28 U.S.C. §2255, (Docs. 57 and 58), raising four grounds challenging his sentence, two of which sounding in ineffective assistance of counsel and two as violations of due process, alleging that his counsel did not object to a firearm enhancement in Petitioner's presentence report and that his counsel failed to "seek certified records to support" Petitioner's qualification in the

report as "a career offender" nor object to the designation. (*See generally* Docs. 57 and 58).  No brief in support was filed at the time the motions were filed or since. On October 21, 2024, the Court entered an Order informing Petitioner that if he did not withdraw or supplement his petition within a 45-day period, the Court would rule on the petition as filed. (Doc. 61). Petitioner did not withdraw nor supplement his petition within the allotted time frame or otherwise. The Government filed their opposition brief on December 10, 2024. (Doc. 63). Petitioner has not filed a response or brief in response. The motions are now ripe for review.

## II. LEGAL STANDARD

### A. Motion to Vacate

Under 28 U.S.C. §2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on "the ground that the sentence was imposed in violation of the laws of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." §2255(a).

Generally, "[i]n order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional

magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *United States v. Bates*, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013) (citation omitted). "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Kinchen v. United States*, 2023 WL 4471509, at *2 (M.D. Pa. July 11, 2023) (quoting *Williams v. United States*, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016)).

When a petitioner brings a motion pursuant to §2255, the Court has discretion whether to conduct a hearing but is not required to hold an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-546 (3d Cir. 2005). However, "[a] hearing is necessary only where the record does not resolve factual allegations, such as in a situation where allegations relate primarily to purported occurrences outside

the courtroom upon which the record can shed no real light." *United States v. Jackson*, 2006 WL 3333833 *7 (E.D. Pa. 2006) (Concluding that a hearing was not required because the petitioner pointed to no evidence outside the record that had a bearing upon his claim.). Moreover, "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001).

## B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees the accused in all criminal prosecutions "the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to the assistance of counsel is "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant may be deprived of this right where his counsel fails "to render adequate legal assistance." *Id.*

The U.S. Supreme Court in *Strickland* established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," *Strickland*, 466 U.S. at 687, and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In addition, the defendant must

- 8 -

show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, *cf. United States v. Valenzuela-Bernal*, 458 U.S. 858, 866-67 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. Rather, "[t]he defendant must show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.  Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." *U.S. v. Ayers*, 938 F.Supp.2d 108, 113 (D.D.C. 2013) (citing *Strickland*, 466 U.S. at 700).

### III. DISCUSSION

#### A. Grounds for Relief

Petitioner sets forth four somewhat overlapping grounds for relief in his §2255 motions. (Docs. 57 and 58). Under ground one, he asserts ineffective assistance of counsel for his attorney's failure "to object to inaccurate guideline calculations in the Presentence Report and at sentencing" which applied a firearm enhancement to the guideline calculations, purportedly increasing Petitioner's offense level and Petitioner's attorney "did not object to this [allegedly] improper enhancement application after the report was

prepared, nor at the sentencing hearing." (Docs. 57 and 58, p. 5).[2] Under ground two, Petitioner argues that his attorney failed "to object to the 'career offender' designation and guidelines" and "did not seek certified records to support such finding, nor objected to this [allegedly] unsubstantiated designation." (*Id.*, p. 6). Grounds three and four repeat the arguments of grounds one and two, respectively, which Petitioner claims amount to due process violations. (*Id.*, pp. 8-9).

The Court notes that Petitioner attacks only his sentence and not his guilty plea. Because the need for finality applies with "'special force with respect to convictions based on guilty pleas,'" collateral review of such convictions is available only in "strictly limited" circumstances. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Furthermore, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Thus, the Court considers only whether an error of law or fact constituting a "fundamental defect" was made at sentencing. *U.S. v. Eakman*, 378 F.3d 294, 298 (3rd Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

---

[2] The motions are complete copies of each other.

Generally, non-constitutional violations cannot be raised in a Section 2255 motion. *Sunal v. Large*, 332 U.S. 174, 179 (1947). As the Government correctly notes, the misapplication of the Sentencing Guidelines is not usually subject to Section 2255 review. *Knight v. United States*, 37 F.3d 769, 772-74 (1st Cir. 1994). "Several circuit courts have considered the availability of collateral attack for various errors in the application of the sentencing guidelines and have concluded that such errors are not cognizable under §2255." *Id.* at 773 (citing, *e.g., United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994) (erroneous upward departure under sentencing guidelines not a "miscarriage of justice"); *Scott v. United States*, 997 F.2d 340, 341-42 (7th Cir. 1993) (erroneous criminal history score under sentencing guidelines not subject to collateral attack); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (error in technical application of sentencing guidelines not subject to collateral attack)). The Court nevertheless reviewed Petitioner's arguments and finds them to lack merit and are clearly undermined by the record evidence in the case.

Petitioner summarily alleges that his counsel was ineffective for "failing to object to the 'career offender' designation and guidelines," and by failing to "seek certified records." (Docs. 57 and 58, p.6). Presumably, these "certified records" would have related to Petitioner's prior state court drug

trafficking convictions and undermined the PSR's finding that Petitioner was a career offender. However, Petitioner failed to identify or explain which of his qualifying convictions he believed should not have counted towards his career offender designation. Nor does Petitioner explain what information would have been found in these "certified records" that would have countered the findings in the PSR. The Court agrees with the Government that these bare allegations neither support a finding that counsel's performance was deficient nor that any deficient performance by counsel resulted (or would have resulted) in prejudice to Petitioner. Nor do these claims amount to a due process violation. Additionally problematic to Petitioner's claims is that he does qualify as a career offender. Petitioner pleaded guilty in the instant case to a completed (non-inchoate) drug trafficking offense when he had two prior, separate, state court drug trafficking qualifying convictions involving cocaine. (Doc. 41, ¶¶40-41). The Third Circuit has held that a "controlled substance for federal sentencing guidelines purposes is any "drug regulated by either state or federal law." *United States v. Lewis*, 58 F.4th 764, 769-771 (3d Cir. 2023). Thus, any potential mismatch between the state and federal definitions of "cocaine" would not have provided an availing argument to Petitioner. For Petitioner's attorney to object to Petitioner's status as a career offender would have been a fruitless exercise. Lastly, not only did defense

counsel, but also Petitioner himself, had an opportunity to make an objection during the sentencing hearing regarding Petitioner's career offender status and both Petitioner and his counsel failed to do so given Petitioner's plea agreement that included a joint recommendation expressly stipulating that Petitioner was a career offender. (Doc. 28, p. 10).

Turning to Petitioner's other grounds for relief—that his counsel was ineffective for "failing to object to inaccurate guidelines calculations" in the PSR and at sentencing because of the PSR's application of the 2-level firearm enhancement found at §2D1.1(b)(1)—those arguments also lack merit. Similar to the career offender status designation, defense counsel and Petitioner expressly agreed to the application of the firearm enhancement in the written plea agreement. (Doc. 28, p. 10). Both defense counsel and Petitioner had an opportunity to make an objection at sentencing and refrained from doing so. The Court agrees with the Government that such a decision was not borne out of ineffectiveness of counsel but likely part of Petitioner's and his counsel's prudent plea negotiations. Furthermore, in the uncontested offense conduct section of the PSR, Petitioner "admitted ownership of the cocaine, [three] firearms and currency" seized in the case, and in a post-arrest interview, Petitioner explained that he had "obtained the firearms for protection after being shot six months prior." (Doc. 41, ¶¶11-12).

- 14 -

In view of these uncontested facts, the applicability of the firearm enhancement was warranted and failing to object to what was apparent was neither deficient of counsel nor prejudicial to Petitioner. Lastly, the Court agrees with the Government that the application of the 2-level firearm enhancement ultimately had no bearing on Petitioner's final guideline range, which was properly calculated at 188 to 235 months' imprisonment. Despite the recommended range, Petitioner nevertheless received a downward variance by this Court.

Accordingly, the petition presents no grounds to vacate, set aside, or correct Petitioner's sentence and it is therefore dismissed.

### B. Evidentiary Hearing

Under §2255, "the question of whether to order a hearing is committed to the sound discretion of the district court." *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). In exercising that discretion, "the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.*; *see also United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992). The Court will not allow for an evidentiary hearing because the record conclusively establishes that Petitioner is not entitled to the relief sought in his §2255 Motion.

### G. Certificate of Appealability

To receive a certificate of appealability under §2253(c) a Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims at issue debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has made no such showing, and certificate of appealability will not be issued in his case.

### IV. <u>CONCLUSION</u>

Based on the foregoing, Petitioner, Ernesto R. Richards, motions to vacate, set aside, or correct a sentence (Docs. 57 and 58) will be **DENIED** and a certificate of appealability will not be issued. An appropriate order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 18, 2025**
22-424-01

- 16 -